# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:04-cr-167 |
| v. ) | |
| ) | Judge Travis R. McDonough |
| LINDY FLEMISTER ) | |
| ) | Magistrate Susan K. Lee |
| ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant's motion for compassionate release (Doc. 51). Defendant seeks release based on the potential spread of COVID-19 in the federal prison population and his increased risk of serious illness were he to contract COVID-19 due to his underlying health concerns. (*See id.*) For the reasons set forth below, the Court will **GRANT** Defendant's motion for compassionate release and **ORDER** that he be released from the custody of the Bureau of Prisons immediately.

## I.   ADMINISTRATIVE EXHAUSTION

A sentencing court may "modify a term of imprisonment once it has been imposed," after considering the applicable factors set forth in 18 U.S.C. § 3553(a), if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); see also United States v. Jones, 980 F.3d 1098, 1109 (6th Cir. 2020) (holding that "federal judges" have "full discretion to define 'extraordinary and compelling'" without reference to U.S. Sentencing Commission policy statement § 1B1.13); *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) ("We have recognized that some of the § 3553(a) factors, including the 'need to provide just punishment' and 'to reflect the seriousness of the offense,' allow courts to consider the

'amount of time' that a defendant has served on a sentence when deciding whether to grant a sentence reduction."). Before seeking a sentence reduction from the court, the defendant must exhaust administrative remedies by fully pursuing "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (holding that "this exhaustion requirement . . . is mandatory (there is no exception)").

Defendant has presented evidence of his exhaustion efforts within the Bureau of Prisons ("BOP"). (*See* Doc. 51, at 27.) More than thirty days have passed since Defendant filed a request to be considered for compassionate release with the BOP on July 14, 2020. (*See id.*) Because he has shown that he complied with the exhaustion requirement, the Court may consider the factors set forth in 18 U.S.C. § 3553(a) and whether there are "extraordinary and compelling reasons" to reduce Defendant's sentence. 18 U.S.C. § 3582(c)(1)(A)(i).

## II. BACKGROUND

On August 8, 2005, Defendant was sentenced to 370 months' imprisonment based on his convictions for possession of a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), possession with intent to distribute 500 grams or more of cocaine hydrocholoride in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and possession of a firearm in furtherance of a drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Doc. 25.) Defendant was sentenced as an armed career criminal and a career offender based on a 1988 federal conviction for distribution of cocaine, a 1991 federal conviction for possession with intent to distribute cocaine, and a 1997 Tennessee conviction for possession of cocaine base for resale. (*See* Doc. 51, at 16–17.) Due to his armed-career-criminal designation and the § 924(c)

conviction, he was subject to a mandatory minimum of 20 years' incarceration. His sentence was later reduced to 270 months' incarceration. (Doc. 32, at 1.)

Defendant has been in federal custody since October 22, 2004 (Doc. 51, at 7), and has served over 196 months of his sentence. He is currently set for release from custody on May 8, 2024. *Find an Inmate*, Bureau of Prisons, http://bop.gov/inmateloc/ (search by name) (last visited Mar. 12, 2021).

Defendant is currently housed at FCI Butner Low. *Id.* The BOP reports that the facility currently has eleven confirmed cases of COVID-19 among the inmate population and four confirmed cases among staff. *COVID-19: Coronavirus*, Bureau of Prisons, http://bop.gov/coronavirus/ (last visited Mar. 12, 2021). The BOP also reports that seventeen inmates and one staff member have died from COVID-19 at Defendant's facility, and 567 inmates and thirty-six staff have recovered from the virus. *Id.*

Defendant is 50 years old and suffers from type 2 diabetes mellitus, which is documented in his medical records from the BOP. (*See* Doc. 51, at 28.) The Centers for Disease Control ("CDC") advises that adults with type 2 diabetes mellitus "**are at increased risk** of severe illness from the virus that causes COVID-19." *People with Certain Medical Conditions*, Ctrs. for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 12, 2021) (emphasis in original).

III. ANALYSIS

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court may only grant a motion for sentence reduction when "after considering the factors set forth in section 3553(a) to the extent that they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction"

3

and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."

### A. 18 U.S.C. § 3553(a) Factors

Under 18 U.S.C. § 3553(a), the Court considers the following factors in determining the sentence to be imposed:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for--
>   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>
> . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; . . .

The Court does note that the quantity of cocaine found in Defendant's possession—nearly one kilogram—is serious. Still, there is no indication that he was violent at any point during the commission of the offenses or that Defendant has a history of violence. Aside from the three drug offenses serving as his armed-career-criminal and career-offender predicates, he has only one conviction for reckless endangerment. (Doc. 51, at 16–17.) Further, the time that Defendant has already served for the present convictions is much more substantial than any time he served for a prior offense.

Defendant has received disciplinary infractions while incarcerated, but, as the Government notes, "few of those sanctions were imposed in the past decade and he has become

4
Case 1:04-cr-00167-TRM-SKL   Document 54   Filed 03/12/21   Page 4 of 6   PageID #: 206

the head unit orderly and is working toward a business degree." (Doc. 52, at 10; *see* Doc. 51, at 31–32.) The BOP also reports that Defendant "does an outstanding job performing his orderly duties" and that he has held employment during his incarceration. (Doc. 51, at 31.) In addition to his business courses, Defendant has also participated in wellness courses and courses aimed at reentry. (*Id.* at 31–32.)

Given the present circumstances concerning COVID-19, Defendant's likely susceptibility to that disease, and the length of time Defendant has already served, the Court is concerned that further incarceration will likely overrepresent the seriousness of the offense and runs a great risk of an unjustifiably harsh punishment for the offense. Taken together, the Court finds that the § 3553(a) factors support granting Defendant's motion for compassionate release.

### B. Extraordinary and Compelling Reasons

The Court also finds that the COVID-19 pandemic, the presence of the virus at Defendant's correctional facility, and his vulnerability to severe illness were he to contract the virus together constitute extraordinary and compelling reasons for his release. The CDC recommends that people at an increased risk of severe illness from COVID-19 take extra precautions to avoid contracting the virus—specifically by "limiting [their] interactions with people as much as possible." *People with Certain Medical Conditions*, Ctrs. for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 12, 2021). The CDC also advises that "**the more people you interact with, the more closely you interact with them, and the longer that interaction, the higher your risk of getting and spreading COVID-19**." *Id.* (emphasis in original). Defendant's ability to comply with the CDC recommendations is substantially diminished while he is incarcerated, and he is not expected to recover from the preexisting conditions that render

him particularly vulnerable to the virus. The Court therefore finds that there are extraordinary and compelling reasons for his release.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion for compassionate release (Doc. 51) is **GRANTED**. It is hereby **ORDERED** that Defendant is to be released from the custody of the Bureau of Prisons immediately. Defendant's previously imposed term of supervised release is unchanged and will begin following his release from custody.

**SO ORDERED.**

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**
